# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2007**

Charles R. Fulbruge III
Clerk

No. 06-50949

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ABRAHAM ESPINO-RANGEL;
HECTOR ALEJANDRO BENAVIDES-CARRASCO,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, WIENER, and GARZA, Circuit Judges.

WIENER, Circuit Judge.

Defendants-Appellants Jose Abraham Espino-Rangel ("Espino") and Hector Alejandro Benavides-Carrasco ("Benavides") (collectively, "Defendants") appeal their jury-trial convictions on one count each of conspiring to possess 100 kilograms of marijuana and on a second count each for possessing 100 kilograms or more of marijuana with intent to distribute. We affirm.

On appeal, Defendants seek reversal of their convictions on two principal grounds: insufficiency of the evidence to support their convictions and reversible plain error for the un-objected to admission of opinion testimony from two government agents. As to the first ground, our close review of the record on appeal, especially the trial transcript and documentary evidence, satisfies us

that there is a surfeit of evidence and reasonable inferences to be drawn therefrom to support the jury's conviction of both Defendants. In arguing before us, counsel for the Defendants sought to characterize the evidence as "close" or essentially in equipoise, especially counsel for Benavides who portrayed his client as nothing more than Espino's pull-toy, merely being in Espino's presence at all times during the hours of their association with the tractor-trailer rig in which the marijuana was loaded and eventually discovered: We reject that portrayal. Although the evidence might be stronger against Espino than it is against Benavides, there is a plethora of evidence regarding both Defendants in support of the jury's factual determination of knowledge and intent to possess, transport, and distribute the contraband in question.

Neither do we perceive reversible error in the district court's admission of the opinion testimony of Border Patrol Agent Tabor and Drug Enforcement Administration ("DEA") Agent Shea. First, the appropriate standard of review here is plain error, because there were no objections from defense to the questioning or the responses of the agents. The well-known plain error standard allows us to reverse a criminal conviction on appeal only if there was error that was plain and obvious affecting a substantial right of the defendant; and, of course, we will exercise discretion to reverse only if the error seriously affects the fairness, integrity, or public reputation of the proceedings.[1] Moreover, even if we were to find the existence of plain error, we could find it harmless if there is sufficient evidence, aside from any potentially impermissible testimony, from which the jury could find the Defendants guilty.[2]

---

[1] United States v. Jimenez, 256 F.3d 330, 340 (5th Cir. 2001).

[2] United States v. Gutierrez-Farias, 294 F.3d 657, 663-64 (5th Cir. 2002).

Before reaching the question of plain error in light of the absence of a defense objection to the questioning of the agents, we briefly note the applicable law on this variety of opinion testimony. As the agents who testified in this case were not offered as experts, Federal Rule of Evidence (FRE) 701 allows non-expert testimony in the form of an opinion or inference if that testimony is (1) rationally based on his perception, (2) helpful to achieving a clear understanding of the testimony or the determination of a fact issue, and (3) not based on scientific, technical, or other specialized knowledge.[3] Even though a non-expert witness may not offer legal conclusions, testimony in the form of an opinion or inference otherwise admissible is not objectionable simply because it embraces an ultimate fact issue to be determined by the factfinder.[4] For example, a narcotics agent may testify about the significance of particular conduct or methods of operation unique to the drug business as long as the testimony is helpful and its relevance is not substantially outweighed by the possibility of unfair prejudice or confusion.[5] FRE 704(b) does not permit an expert witness in a criminal case to testify whether a defendant did or did not have the mental state or condition constituting an element of the crime charged; but neither Agent Tabor nor Agent Shea was called as an expert witness, so FRE 704(b) has no application in the instant case.

The Defendants' primary authority for arguing that the agents' testimony was impermissible is United States v. Gutierrez-Farias.[6] That case is inapposite

---

[3] United States v. Parsee, 178 F.3d 374, 379 (5th Cir. 1999).

[4] Fed.R.Evid. 704(a); United States v. Izydore, 167 F.3d 213, 218 (5th Cir. 1999).

[5] United States v. Garcia, 86 F.3d 394, 400 (5th Cir. 1996).

[6] 294 F.3d at 663-64.

here, however, as the federal agent who testified in it was called as an expert witness on narcotics trafficking, and his testimony suggested that, inasmuch as most drivers know when they are smuggling drugs in their vehicles, the defendant must have known that he was smuggling drugs. We held that those statements were the equivalent of a direct comment on the defendant's state of mind and thus were in violation of FRE 704(b). The court in Gutierrez-Farias nevertheless classified the error as harmless and affirmed the defendant's convictions, concluding that the evidence against the defendant, excluding the improper testimony, was more than sufficient to support the jury's findings.

In the instant case we perceive no error at all, much less plain error. The agents' testimony was rationally based on their interviews with Espino and the employees at the transfer company where the trailer was loaded; the agents' opinions were helpful to the jury and not based on any scientific, technical, or specialized knowledge. Furthermore, in light of the amount of other evidence against the Defendants, any potential error was harmless. The same conclusion applies to an even greater extent under the plain-error analysis, which is appropriate here in the absence of defense objections during the trial. In sum, (1) there was no error; (2) even if there was error, it was harmless; (3) even if there was error and it was not harmless, the error was not plain; and (4) even if there was non-harmless plain error, it did not affect any substantial rights of the Defendants, given the plethora of other evidence adduced at trial in support of the jury's verdict.

Thus, with or without the testimony of the federal agents, the evidence heard and seen by the jury and the fair inferences therefrom are more than sufficient to support the verdict; and — in the final analysis — the admission of the non-expert testimony of the federal agents does not seriously affect the

fairness, integrity, or public reputation of the proceedings.  The Defendants' convictions and sentences are, in all respects,

AFFIRMED.