**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2012

No. 11-10116
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHELLE YVETTE LEE; TIMOTHY STEPHEN LEE,

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-144-2

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Timothy Stephen Lee and Michelle Yvette Lee were convicted by a jury on two counts of possession with intent to distribute methamphetamine, with the respective dates of the offenses being March 2, 2010, and July 16, 2010. The district court sentenced Timothy Lee to concurrent terms of life in prison and Michelle Lee to concurrent terms of 360 months in prison. At his request, Timothy Lee is proceeding pro se on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10116

Timothy Lee argues that the district court erred in denying his motion to suppress the warrantless search of his blue truck on July 16, 2010.  On appeal from the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its conclusions of law de novo.  *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *cert. denied*, 131 S. Ct. 620 (2010).  Drug Enforcement Agency (DEA) special agents had the Lees under surveillance for the purpose of executing arrest warrants for both of them and search warrants for their residence at 1304 Chestnut Road.  As the Lees, in a blue truck, attempted to back out of their driveway, the agents blocked their way and arrested both of them.  After her arrest, Michelle Lee told the special agent that there was a large amount of methamphetamine in a backpack in the truck.  The district court found and Timothy Lee does not dispute that Michelle Lee's statement provided the special agent with probable cause that the truck contained methamphetamine.  The Supreme Court has stated that, "[f]or constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant.  Given probable cause to search, either course is reasonable under the Fourth Amendment."  *Chambers v. Maroney*, 399 U.S. 42, 52 (1970).  Accordingly, Timothy Lee has not shown that the district court erred in denying his motion to suppress.

The Lees make a series of allegations that the district court erred in its evidentiary rulings.  We review a district court's evidentiary rulings for abuse of discretion subject to harmless-error analysis.  *United States v. Cantu*, 167 F.3d 198, 203 (5th Cir. 1999).  Government exhibit 14 was an e-mail found on a laptop computer that showed a message sent from Michelle Lee's account which contained a list of names and dollar amounts.  The defense objected to this exhibit as hearsay and as being unduly prejudicial under Federal Rule of Evidence 403.  On appeal, Michelle Lee and Timothy Lee argue that the district

court erred in admitting this evidence.  Timothy Lee also argues that the district court erred in admitting, over hearsay objections, exhibits 16, 17, 19, 20, 21, and 22, which were other notes and notebooks containing lists of names and dollar amounts.  The hearsay component of these arguments is without merit because none of the challenged exhibits were offered to prove the truth of the information they contained.  *See United States v. Charles*, 366 F. App'x 532, 542-43 (5th Cir. 2010).

With respect to the e-mail, Rule 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  To prevail on a Rule 403 argument, the appellant must show that the district court's ruling was "a clear abuse of discretion."  *United States v. Curtis*, 635 F.3d 704, 716 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 132 S. Ct. 191 (2011).  "'Unfair prejudice' as used in rule 403 is not to be equated with testimony that is merely adverse to the opposing party."  *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006).  Neither Lee explains how admission of this e-mail, albeit unfavorable, was unfair.  They have not shown that the district court abused its discretion in admitting this document.  Timothy Lee also argues that other notes and notebooks (exhibits 16, 17, 19, 20, 21, and 22) should have been excluded under Rule 403, but this alleged error was not preserved by an objection at trial.  "[W]here the defendant did not object to the evidence on the basis presented on appeal, [this court] review[s] the district court's evidentiary ruling for plain error."  *United States v. Williams*, 620 F.3d 483, 488-89 (5th Cir. 2010), *cert. denied,* 131 S. Ct. 1534 (2011).  Timothy Lee has not shown any unfair prejudice resulting from the admission of lists of names and dollar amounts.

As part of his attack on the admissibility of the lists of names and dollar amounts, Timothy Lee argues that the testimony given by officers Travis

Eddleman and Cyrus Crum, which characterized the lists as drug ledgers, was inadmissible opinion testimony under Federal Rule of Evidence 701. As defense counsel did not object to this testimony, the plain-error standard of review applies. *See United States v. Espino-Rangel*, 500 F.3d 398, 400 (5th Cir. 2007). This testimony was brief, was based on the officers' experience, and merely explained the significance of the evidence. Timothy Lee has shown no plain error in admission of the testimony.

Timothy Lee also argues that all of the above alleged evidentiary errors combined to require reversal. Although it is possible that multiple errors, which would not result in reversal individually, can combined to deny a defendant a fair trial, this case does not present that situation because no error has been shown. *See United States v. Williams*, 264 F.3d 561, 572 (5th Cir. 2001).

The propriety of the jury instruction as to deliberate ignorance is challenged by Timothy Lee. We review the decision to use a deliberate ignorance instruction under an abuse of discretion standard. *United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007). The deliberate ignorance instruction should be infrequently used and is proper only if the accused "claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference." *United States v. McElwee*, 646 F.3d 328, 341 (5th Cir. 2011) (internal quotation marks and citation omitted). Any error in giving the instruction is harmless if substantial evidence showing actual knowledge was adduced at trial. *Id.* Any possible error in this instruction was rendered harmless by the evidence showing Timothy Lee's actual knowledge of the methamphetamine.

Michelle Lee argues that the evidence produced at trial was insufficient to support conviction on either count of possession with intent to distribute methamphetamine. A preserved challenge to the sufficiency of the evidence is reviewed de novo. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000). Although Michelle Lee moved for a judgment of acquittal after the

No. 11-10116

Government rested its case, she failed to renew the motion at the close of all evidence. Accordingly, her sufficiency claim is reviewed for "a manifest miscarriage of justice, which is found if the record is devoid of evidence pointing to guilt." *United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002) (internal quotation marks and citation omitted). The elements of possession with intent to distribute a controlled substance are (1) knowing, (2) possession of a controlled substance, (3) with the intent to distribute it. *United States v. Ortega Reyna*, 148 F.3d 540, 543-44 (5th Cir. 1998). Possession may be joint among several people. *See United States v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996) (interpreting "possession" as an element of 21 U.S.C. § 841(a)(1)). Intent to distribute may be inferred when the evidence shows that a large quantity of drugs is involved. *See United States v. Guanespen-Portillo*, 514 F.3d 393, 396-97 (5th Cir. 2008). The record is not devoid of evidence of guilt on each element, and Michelle Lee has not shown a manifest miscarriage of justice in her convictions.

Timothy and Michelle Lee challenge the drug quantity calculated by the district court based on the information contained in the presentence report (PSR). The district court's determination of the quantity of drugs attributable to a defendant for purposes of U.S.S.G. § 2D1.1 is a factual finding made under the preponderance of the evidence standard. *United States v. Betancourt*, 422 F.3d 240, 246-47 (5th Cir. 2005). This court gives "considerable deference" to such factual findings, reversing them "only if they are clearly erroneous." *Id.* at 246. (internal quotation marks and citations omitted). Neither Lee has shown that the district court's factual findings were clearly erroneous.

AFFIRMED.