## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2012

No. 11-50906
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN L. GARCIA, also known as Juan Garcia,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-708-2

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Juan L. Garcia of: conspiring to possess, with intent to distribute, one kilogram or more of heroin; possessing, with intent to distribute, one kilogram or more of heroin; and carrying a firearm during, and in relation to, a drug-trafficking crime. He was sentenced, *inter alia*, to 211-months' imprisonment. Garcia, who testified at trial, raises numerous issues regarding his convictions. Each lacks merit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50906

Garcia first contends the Government did not prove beyond a reasonable doubt that he carried a firearm during, and in relation to, a drug-trafficking crime. Because Garcia moved for judgment of acquittal at the close of the Government's case and at the close of all the evidence, this sufficiency-of-the-evidence contention is reviewed *de novo. E.g., United States v. Mudekunye*, 646 F.3d 281, 285 (5th Cir. 2011). Accordingly, the verdict will be upheld if a reasonable juror could conclude from the evidence that the Government established all elements of the offense beyond a reasonable doubt. *Id.* Along that line, the evidence is viewed, and all reasonable inferences drawn, in the light most favorable to the verdict. *Id.*

To establish guilt, the Government was required to prove, beyond a reasonable doubt, that Garcia: (1) committed a drug-trafficking crime; and (2) knowingly carried a firearm, (3) during, and in relation to, that crime. *E.g., United States v. Franklin*, 561 F.3d 398, 402 (5th Cir. 2009). Garcia contests the second and third elements.

Regarding the second element, trial evidence established that, after Garcia was stopped for committing traffic violations, police officers found a handgun in the center console of his vehicle. They also found thousands of dollars in cash, which Garcia admitted belonged to him. Some of the cash was found in the center console along with the firearm, which suggests Garcia knew the firearm was in the vehicle and it was not placed there without his knowledge, as he maintains on appeal. Moreover, a police officer testified that, when Garcia was stopped, he was sweating and glanced suspiciously at the console. Thus, a reasonable juror could have found Garcia knowingly carried the firearm.

In order to satisfy the "in relation to" (third) element, the Government must prove the firearm had "some purpose or effect with respect to the drug trafficking crime"; the presence of the firearm "cannot be the result of accident or coincidence". *United States v. Smith*, 481 F.3d 259, 264 (5th Cir. 2007)

No. 11-50906

(internal quotation marks omitted).  The Government need not prove defendant actively used the firearm, but it must put forward "evidence that the firearm was available to provide protection to . . . defendant in connection with his engagement in drug trafficking".  *Id.* (internal quotation marks omitted).

Trial evidence showed Garcia regularly sold significant quantities of heroin and handled substantial amounts of cash—approximately $11,000 for a typical ten-ounce sale.  The handgun was readily accessible to Garcia in the center console.  Officers found a magazine and ammunition along with the firearm; and a reasonable juror could have inferred that it was loaded, or at the very least that Garcia could have loaded it quickly and easily, based on a photograph taken at the time it was found.  The Government presented evidence, including testimony of one of Garcia's customers, from which a reasonable juror could have found that the large amount of cash represented the proceeds of drug sales.  Moreover, the Government presented evidence that Garcia, using his vehicle, participated in a drug transaction on the day the firearm was found.  Accordingly, a reasonable juror could have found that Garcia carried the firearm during, and in relation to, a drug-trafficking crime.

Garcia contends for the first time in his reply brief that his customer's testimony was unreliable and should be disregarded.  Garcia did not object to that testimony at trial and, as noted, did not raise this issue in his opening brief.  "For obvious reasons, our court generally will not consider an issue raised for the first time in a reply brief."  *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

Garcia next contends the district court improperly admitted into evidence a report of data files stored on one of his cellular telephones.  Evidentiary rulings are reviewed for abuse of discretion, but a harmless error will not be reversed.  *E.g.*, *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011); Fed. R. Evid. 103(a).  Even if the admission of this evidence was erroneous, the error would

No. 11-50906

not warrant reversal because it was harmless.  The other evidence against Garcia was strong:  the customer testified to the multitude of drug deals in which Garcia engaged; police officers testified about the firearm and large sums of cash found in Garcia's vehicle; the testimony of both the customer and the officers, along with other evidence, could have led a reasonable juror to determine that Garcia participated in a drug transaction at a motel on the day of his arrest; and a bulletproof vest and a page from a drug ledger were found in Garcia's home.  In the light of this evidence, the contents of Garcia's cellular telephone did not impact the verdict.  Because there is no reasonable probability that the report contributed to Garcia's conviction, his substantial rights were not affected by its admission.  *E.g.*, *United States v. Sumlin,* 489 F.3d 683, 688 (5th Cir. 2007).

Listing several claimed errors made by his trial attorney, Garcia next claims ineffective assistance of counsel (IAC).  Except in rare circumstances, an IAC claim not preserved in district court will not be addressed on direct appeal.  *E.g.*, *United States v. Montes*, 602 F.3d 381, 387 (5th Cir. 2010).  Garcia presents no reason to deviate from that general rule in this instance.  The record does not, *inter alia*, reveal the reasons for his attorney's decisions.  Accordingly, Garcia's contentions are premature.  Of course, he may raise them in a 28 U.S.C. § 2255 motion.  *Id.* at 388.

Garcia also challenges the district court's denying him a continuance to secure the presence of a witness—a detective involved in his investigation—who was on vacation at the time of trial.  At trial, a police officer testified that, while conducting surveillance of a club with the detective, the detective reported that Garcia entered the club carrying a satchel.  The officer did not personally see whether Garcia was carrying anything.  Garcia contends that the court's denial of a continuance to secure the presence of the detective resulted in the denial of Garcia's right to confront adverse witnesses.

No. 11-50906

Defense counsel did not raise a Confrontation Clause objection in district court; thus, review is only for plain error. *E.g.*, *United States v. Martinez-Rios*, 595 F.3d 581, 584 (5th Cir. 2010). To show reversible plain error, Garcia must show a clear or obvious error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he makes this showing, however, our court retains discretion whether to correct the error but generally will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The Confrontation Clause prohibits the admission of an out-of-court testimonial statement unless the declarant is unavailable and defendant had a prior opportunity to cross-examine him. *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Even assuming the detective's statement that Garcia carried a satchel into the club was testimonial and that its admission amounted to clear or obvious error, Garcia cannot succeed because he has not shown his substantial rights were affected.

To make such a showing, Garcia must show a reasonable probability that, but for the violation, the outcome of the trial would have been different. *Martinez-Rios,* 595 F.3d at 587. The Government's case centered around the drug transactions Garcia engaged in, drugs found in a hotel room where Garcia had been earlier on the day of his arrest, and the firearm and cash found in his vehicle. In short, whether Garcia carried a bag into a club did not affect the outcome of the trial. Accordingly, he has failed to show reversible plain error.

Garcia contends the district court should have granted him a continuance to give him time to review telephone records and photographs that the Government produced five days before trial. Denial of a continuance is reviewed for abuse of discretion. *E.g.*, *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). Garcia must demonstrate the denial "resulted in specific and compelling or serious prejudice". *United States v. Barnett*, 197 F.3d 138, 144

(5th Cir. 1999) (internal quotation marks omitted). Garcia has not done so because he does not explain what a longer period of time for review would have produced or precisely how his defense suffered because counsel had only five days to review this evidence.

Garcia's motion to suppress was denied as untimely. Garcia contends the court should have held a hearing and decided the motion on its merits. The court did not abuse its discretion. *E.g.*, *United States v. Oliver*, 630 F.3d 397, 410 (5th Cir. 2011). It was authorized to set a deadline for filing pretrial motions. *Id.* at 411; Fed. R. Crim P. 12(c). Garcia waived any issue not raised by that deadline. *Oliver*, 630 F.3d at 410; Fed. R. Crim. P. 12(e). Garcia and his counsel agreed in writing that pretrial motions were required to be filed within 40 days after the latest scheduled arraignment date. That date was 19 October 2010. Garcia did not move to suppress until 20 May 2011, seven months after that date. Garcia does not explain either in the motion or here why he could not meet the deadline.

Garcia next contends the Government was permitted improperly to introduce evidence of his ties to the "Mexican Mafia". Evidence may be excluded if its probative value is substantially outweighed by unfair prejudice. Fed. R. Evid. 403. Obviously, defendant may not be convicted on the basis of his association with "unsavory characters". *United States v. McCall*, 553 F.3d 821, 826 (5th Cir. 2008) (internal quotation marks omitted). Re-stated, evidence that defendant is associated with a criminal does not support an interference that he is a criminal. *Id.* Both the Government and Garcia elicited testimony, to which there was no objection, that witnesses were members of the gang and that others with ties to Garcia were also members. During cross-examination, Garcia was asked whether his father was a member of the gang and was "normally the general" or an advisor to the current "general". Over objection, Garcia responded

that his father did not discuss the issue with him and that he did not know whether his father was involved.

As for the testimony to which defense counsel did not object, review is only for plain error. *E.g.*, *United States v. Espino-Rangel*, 500 F.3d 398, 399-400 (5th Cir. 2007). Even if it was clear or obvious error to permit testimony as to the gang affiliation of the witnesses and their associates, Garcia cannot show that his substantial rights were affected because, as explained above, there was sufficient other evidence of his guilt for conviction. *See McCall*, 553 F.3d at 827 (finding no plain error in district court's failure to grant *sua sponte* mistrial on basis of "guilt-by-association" testimony because of strong evidence of defendant's guilt).

Garcia objected to the Government's questions as to whether his father was involved in the gang. The standard for assigning error under Rule 403 requires a showing of "a clear abuse of discretion". *United States v. Curtis*, 635 F.3d 704, 716 (5th Cir.) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 191 (2011). There was no clear abuse of discretion because the probative value of the testimony outweighed any unfair prejudice. Garcia's codefendant, a witness for the defense, testified that he sold drugs but that Garcia did not. In attempting to elicit testimony that the codefendant and Garcia's father were involved in the same gang and that Garcia's father held a position of power, the Government sought to call into question the veracity of the codefendant's testimony by implying that he had a reason to lie in support of Garcia. In any event, any error in permitting unduly prejudicial testimony regarding the gang was harmless because, in the light of the other evidence of Garcia's guilt, there is no reasonable probability that the evidence contributed to the conviction. *Sumlin*, 489 F.3d at 688.

Garcia also challenges the admission of two photographs as well as the Government's questions to his codefendant regarding whether the persons in the

No. 11-50906

photographs, including Garcia, were members of the gang.  Again, even if the district court clearly abused its discretion in admitting the photographs and allowing questions about them, the errors were harmless in the light of the other evidence of Garcia's guilt.  *Id.*

Finally, Garcia maintains the cumulative effect of the district court's claimed errors resulted in an unfair trial.  The evidence showed that Garcia frequently sold drugs to a drug dealer for resale and that Garcia carried a firearm in his vehicle along with proceeds of drug sales.  To the extent the court committed errors, they did not "so fatally infect the trial that they violated the trial's fundamental fairness".  *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007) (internal quotation marks omitted).

AFFIRMED.